[Cite as *State v. Moore*, 2019-Ohio-1467.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 18CA1070 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| TONYA J. MOORE, | : | |
| Defendant-Appellant. | : | **RELEASED: 04/10/2019** |

_____
APPEARANCES:

Matthew F. Loesch, Portsmouth, Ohio, for appellant.

C. David Kelley, Adams County Prosecutor, and Kris D. Blanton, Assistant Adams County Prosecutor, West Union, Ohio, for appellee.
_____
Hess, J.

{¶1} Tonya Moore pleaded guilty to three counts of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), third-degree felonies, and the trial court sentenced her to an aggregate four-year prison term and three years of mandatory post-release control. Moore asserts that her sentence is void because post-release control is discretionary in this instance and that her aggregate prison term is excessive because the trial court failed to properly consider the seriousness and recidivism factors in R.C. 2929.12. Because Moore did not commit a sex offense or offense of violence, post-release control is discretionary. However, only the portion of her sentence imposing post-release control is contrary to law and void. She did not establish by the requisite clear and convincing evidence that her prison term is either contrary to law or

not supported by the record.  Thus, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I.  FACTS

{¶2}    The Adams County Grand Jury indicted Moore on three counts of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), third-degree felonies. She initially pleaded not guilty.  At the first change of plea hearing, Moore pleaded guilty as charged after the court notified her that the maximum sentence for each offense was 36 months in prison, that the mandatory minimum prison term for each offense was nine months, and that she was subject to up to three years of discretionary post-release control for each offense.  Before sentencing, the court determined this information was incorrect, so it permitted  Moore to withdraw her plea.

{¶3}    During the second change of plea hearing, Moore again pleaded guilty as charged after the court advised her that the maximum sentence for each offense was 60 months in prison, the mandatory minimum prison term for each offense was 12 months, and  post-release control was  mandatory for three years because she committed offenses of violence.  Moore explained that the night before she committed the offenses, she took five Xanax pills without a prescription to calm her nerves.  She drove a vehicle, and she was charged in a separate case in Pike County with operating a vehicle under the influence of alcohol or drugs ("OVI").  Moore claimed that the next day, unaware that she was still under the influence of the Xanax, she drove to her doctor's office and then to a hospital to pick up medical reports.  She denied taking her prescription Valium or Ativan that day.  After leaving the hospital, she caused an

accident that resulted in serious physical harm to Roy Heisler, Carolyn Heisler, and Kimberly Staten.

{¶4} The trial court conducted a sentencing hearing at which it considered the record, oral statements, victim impact statements, presentence investigation report, principles and purposes of sentencing in R.C. 2929.11(A), and seriousness and recidivism factors in R.C. 2929.12. It sentenced Moore to mandatory two-year prison terms on each count, with the sentence on Count II to run concurrent to the sentence on Count I and the sentence on Count III to run consecutive to the other sentences, for an aggregate four-year prison term. The court noted that Moore told law enforcement she took Suboxone, Ativan, and Valium the day of the accident, and the court expressed that it did not "think we're getting the full amount of dosages of things that were happening." It also noted that after Moore was charged in the Pike County case, which ultimately resulted in a physical control conviction, she acted with "utter reckless disregard" by driving the next day with "multiple drugs being taken in that process." The court notified Moore post-release control was mandatory for a period of three years, imposed a class three license suspension, and ordered her to pay $477.11 in restitution.

## II. ASSIGNMENTS OF ERROR

{¶5} Moore assigns the following errors for our review[1]:

I.   Appellant's sentence is void as the trial court improperly ordered that she was subject to mandatory post release control.

II.  The trial court abused its discretion by failing to properly consider and apply the seriousness and recidivism factors to the Appellant.

---

[1] The assignments of error are taken from page three of Moore's appellate brief. We note that they are stated differently on pages five and eight of her brief.

## III.  STANDARD OF REVIEW

**{¶6}**    When reviewing felony sentences appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2).  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 7.  R.C. 2953.08(G)(2) provides that "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion"; rather, the appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶7}**    "Although R.C. 2953.08(G)(2)(a) does not mention R.C. 2929.11 and 2929.12, the Supreme Court of Ohio has determined that the same standard of review applies to those statutes."  *State v. Shankland*, 4th Dist. Washington App. Nos. 18CA11 & 18CA12, 2019-Ohio-404, ¶ 19, citing *Marcum* at ¶ 23.

**{¶8}**    "The defendant bears the burden of establishing by clear and convincing evidence that the sentence is either contrary to law or not supported by the record."  *Shankland* at ¶ 20.  Clear and convincing evidence is

that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.

*State ex rel. Rogers v. Dept. of Rehab. & Correction*, ___ Ohio St.3d ___, 2018-Ohio-5111, ___ N.E.3d ___, ¶ 5, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

## IV.  POST-RELEASE CONTROL

{¶9}    In the first assignment of error, Moore maintains that her sentence is void because the trial court erred in concluding a violation of R.C. 2903.08(A)(1)(a) is an offense of violence and subject to mandatory post-release control.  The state argues that if the trial court erred in imposing post-release control, only that portion of the sentence is void and subject to resentencing.  Alternatively, it asserts that Moore was "not prejudiced by the trial court's overstating the severity of the term of post-release control at the sentencing hearing," so "resentencing is not required and post-release control is subject to the authority of the parole board and to be imposed by the parole board."

{¶10} In *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, the Supreme Court of Ohio explained:

> It is settled that "a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing" and that "any sentence imposed without such notification is contrary to law." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23.  Concomitantly, because a court is generally said to speak only through its journal, *id.* at ¶ 6, the trial court is "required to incorporate that notice into its journal entry imposing sentence," *id.* at ¶ 17.

*Id.* at ¶ 8.

{¶11} "When a court fails to properly impose post-release control for a particular offense, *the offending portion of the sentence is void*, must be set aside, and is subject to review and correction."  (Emphasis added.)  *State v. Taylor*, 4th Dist. Lawrence No. 15CA12, 2016-Ohio-2781, ¶ 41, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 27-29; *State v. Triplett*, 4th Dist. Lawrence No. 10CA35, 2011-Ohio-4628, ¶ 4.  "[I]n the absence of a proper sentencing entry imposing postrelease

control, the parole board's imposition of postrelease control cannot be enforced." *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 71.

**{¶12}** At the sentencing hearing, the court must, among other things, "notify the offender that he or she 'will' or 'may' 'be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for' a felony." *Grimes* at ¶ 9, quoting former R.C. 2929.19(B)(2)(c) and (d) (now codified at R.C. 2929.19(B)(2)(d) and (e)). The sentencing entry must also indicate "whether postrelease control is discretionary or mandatory." *Id.* at ¶ 1.

**{¶13}** R.C. 2967.28(B) states that "[e]ach sentence to a prison term * * * for a felony of the third degree that is an offense of violence and is not a felony sex offense shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment." The mandatory period of post-release control for this type of offense is three years. R.C. 2967.28(B)(3). For a third-degree felony that is not an offense of violence or sex offense, R.C. 2967.28(C) provides that "[a]ny sentence to a prison term * * * shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board * * * determines that a period of post-release control is necessary for that offender."

**{¶14}** R.C. 2901.01(A)(9) defines "offense of violence" as any of the following:

(a) A violation of section 2903.01, 2903.02, 2903.03, 2903.04, 2903.11, 2903.12, 2903.13, 2903.15, 2903.21, 2903.211, 2903.22, 2905.01, 2905.02, 2905.11, 2905.32, 2907.02, 2907.03, 2907.05, 2909.02, 2909.03, 2909.24, 2911.01, 2911.02, 2911.11, 2917.01, 2917.02, 2917.03, 2917.31, 2919.25, 2921.03, 2921.04, 2921.34, or 2923.161, of division (A)(1) of section 2903.34, of division (A)(1), (2), or (3) of section 2911.12, or of division (B)(1), (2), (3), or (4) of section 2919.22 of

the Revised Code or felonious sexual penetration in violation of former section 2907.12 of the Revised Code;

(b) A violation of an existing or former municipal ordinance or law of this or any other state or the United States, substantially equivalent to any section, division, or offense listed in division (A)(9)(a) of this section;

(c) An offense, other than a traffic offense, under an existing or former municipal ordinance or law of this or any other state or the United States, committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons;

(d) A conspiracy or attempt to commit, or complicity in committing, any offense under division (A)(9)(a), (b), or (c) of this section.

{¶15} Moore's offenses do not satisfy any of the definitions of an "offense of violence." A violation of R.C. 2903.08(A)(1)(a) is not an offense enumerated in R.C. 2901.01(A)(9)(a), and it is not substantially equivalent to any section, division, or offense listed in that division as required by R.C. 2901.01(A)(9)(b). Moore's offenses also do not satisfy R.C. 2901.01(A)(9)(c) because they were not committed purposely or knowingly. A violation of R.C. 2903.08(A)(1)(a) does not require such intent. It only requires that an individual, while operating a motor vehicle, cause serious physical harm to another person as a proximate result of committing a violation of R.C. 4511.19(A) or a substantially equivalent municipal ordinance. R.C. 2903.08(A)(1)(a). Violations of R.C. 4511.19(A), the OVI statute, "are strict liability violations." *State v. Dunn*, 4th Dist. Pickaway No. 06CA6, 2006-Ohio-6550, ¶ 21. Moreover, the trial court specifically found Moore acted recklessly and not intentionally. Finally, Moore did not engage in conspiracy, attempt, or complicity for purposes of R.C. 2901.01(A)(9)(d).

{¶16} Because the trial court sentenced Moore to prison terms for third-degree felonies that are not offenses of violence or sex offenses, post-release control is discretionary in this case. Thus, the trial court erred at both the sentencing hearing and

in the sentencing entry when it stated that post-release control is mandatory. Because the post-release control portion of Moore's sentence is contrary to law and void, we sustain the first assignment of error to the extent it challenges that portion of her sentence, reverse that portion of her sentence, and remand for resentencing on post-release control. We overrule the first assignment of error to the extent it asserts the remainder of her sentence is void.

## V. EXCESSIVE PRISON TERM

{¶17} In the second assignment of error, Moore maintains that her aggregate prison term is excessive. Her individual prison terms are not contrary to law because they are within the statutory range, the court stated that it considered the factors in R.C. 2929.11 and 2929.12, and it had no obligation to make specific findings regarding these factors. *See State v. Brown*, 4th Dist. Ross No. 18CA3643, 2018-Ohio-5431, ¶ 30; R.C. 2929.14(A)(3)(a).

{¶18} Moore asserts that the trial court abused its discretion by failing to properly apply the seriousness and recidivism factors in R.C. 2929.12. She claims that the circumstances of this case, such as that she committed her offenses under circumstances not likely to recur, that she does not have a history of criminal convictions except for the physical control conviction, that she showed genuine remorse, and that she did not have a relationship with the victims that facilitated the offenses, warrant a shorter sentence. The state notes that abuse of discretion is not the correct standard of review, R.C. 2953.08(G)(2), and it asserts that Moore failed to show that her sentence is clearly and convincingly not supported by the record.

**{¶19}** Moore essentially challenges the weight the trial court accorded the pertinent factors. "We have consistently rejected similar contentions. Simply because the court did not balance the factors in the manner appellant desires does not mean that the court failed to consider them, or that clear and convincing evidence shows that the court's findings are not supported by the record." *Brown* at ¶ 36. "[P]recedent refutes any contention that each statutory or other relevant factor is entitled to equal or a certain weight in the balancing process." *State v. Yost*, 4th Dist. Meigs No. 17CA10, 2018-Ohio-2719, ¶ 19. The trial court was free to place additional weight on the fact that after being charged in the Pike County case, Moore drove again the next day even though she had taken additional medications and was still under the influence of Xanax.

**{¶20}** Finally, we note Moore does not challenge the consecutive sentencing findings the trial court made pursuant to R.C. 2929.14(C)(4) during the sentencing hearing. Although the trial court failed to incorporate the statutory findings into the sentencing entry, "such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 30. The trial court may address this issue on remand.

**{¶21}** Moore did not meet her burden to establish by clear and convincing evidence that her prison terms are either contrary to law or not supported by the record. Accordingly, we overrule the second assignment of error.

### VI. CONCLUSION

**{¶22}** Having sustained part of Moore's first assignment of error, we reverse the post-release control portion of her sentence and remand for resentencing on that

matter.  Having overruled the remainder of Moore's assignments of error, we affirm the

judgment of the trial court in all other respects.

JUDGMENT AFFIRMED IN PART,<br>
REVERSED IN PART,<br>
AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART and that the CAUSE IS REMANDED.  Appellant and Appellee shall split the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the ADAMS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Smith, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
     Michael D. Hess, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**