[Cite as *State v. Carter*, 2019-Ohio-3443.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-L-017** |
| SWAVE F. CARTER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2018 CR 001046.

Judgment:  Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Melissa A. Blake*, Assistant Public Defender, 125 East Erie Street, Painesville, OH  44077 (For Defendant-Appellant).


MARY JANE TRAPP, J.

{¶1}    Appellant, Swave Finesse Carter ("Mr. Carter"), appeals the Lake County Court of Common Pleas judgment, which sentenced him to 18 months imprisonment followed by three years of mandatory post-release control and suspended his driver's license for five years after Mr. Carter pleaded guilty to one count of failing to comply with an order or signal of a police officer, a felony of the third degree, in violation of R.C. 2921.331(B).  That count further alleged that he "caused a substantial risk of serious

physical harm to persons or property" pursuant to R.C. 2921.331(C)(5)(a)(ii). A contraband forfeiture specification as set forth in R.C. 2941.1417 and 2981.04 for marijuana possession was also included. Pursuant to Mr. Carter's written plea, the trial court determined the offense was an offense of violence as defined in R.C. 2901.01(A)(9)(c) and R.C. 2967.28(B)(3), which required post-release control to be mandatory in this case.

{¶2} Mr. Carter raises two assignments of error, contending the trial court erred in imposing mandatory post-release control because a mandatory term is (1) contrary to law and (2) the court engaged in impermissible judicial fact-finding, specifically as to his mental state of mind at the time of the offense, in violation of his state and federal constitutional rights to due process, proper notice, and trial by jury.

{¶3} After a thorough review of the record and relevant case law, Mr. Carter's arguments are unavailing, and both fail for the same reason. Mr. Carter admitted to facts in his written plea that he caused a "substantial risk of serious physical harm to persons or property" by driving at excessive speeds in a residential area around children and with a pregnant passenger. He pleaded guilty to willfully eluding or fleeing a police officer's signal with the additional allegation that he caused "a substantial risk of serious physical harm to persons or property." We affirm the judgment of the Lake County Court of Common Pleas since Mr. Carter specifically agreed to go forward with his plea with the knowledge that he was pleading guilty to an offense that alleged a substantial risk of physical harm and that post-release control was mandatory for three years.

**Substantive and Procedural History**

{¶4} A complaint was filed in the Willoughby Municipal Court alleging that on October 6, 2018, Mr. Carter willfully failed to comply with a police officer's order to stop his vehicle in Willowick, Ohio.

{¶5} The Willowick Police Department report documented the incident. An officer started following Mr. Carter after observing him driving a vehicle without a front plate and with extremely dark-tinted windows. After running Mr. Carter's license plate, the officer turned on his overhead lights, signaling Mr. Carter to stop his vehicle and pull over. Mr. Carter stopped near a busy children's park, and when the police officer approached his vehicle, Mr. Carter shifted into drive and fled. He then drove down residential streets at excessive speeds (greater than 50 m.p.h. in 25 m.p.h. zones) and ran several stop signs, almost hitting another officer. Mr. Carter turned down a dead end street, and upon realizing his mistake, decided to flee on foot while the vehicle was still moving. The car came to a rest against a fire hydrant.

{¶6} One of the officers secured the vehicle, and another pursued Mr. Carter on foot. Inside the car was a pregnant passenger, Ms. Angela Green, who was taken into custody. An inventory search of the vehicle revealed a small bag of marijuana. Numerous patrol units started searching for Mr. Carter, and several residents called to report Mr. Carter had run through their backyards. Mr. Carter was eventually taken into custody. At the time he was apprehended, Mr. Carter had armed and dangerous warnings with misdemeanor warrants for failure to appear in Ashtabula and Cleveland Heights and felony warrants from Cuyahoga County for violating probation, escape, aggravated robbery, and abduction.

{¶7} Mr. Carter was bound over to the Lake County Court of Common Pleas, and by way of information, he was charged with one count of willfully eluding or fleeing a police

3

officer in violation of R.C. 2921.33(B) with an additional allegation that he "caused a substantial risk of serious physical harm to persons or property," as well as a forfeiture specification pursuant to R.C. 2941.1417 and R.C.2981.04 for the unlawful possession of marijuana.

{¶8} Mr. Carter entered a written plea of guilty, signed by Mr. Carter and his counsel, which acknowledged he was pleading guilty to a third degree felony with a mandatory three years of post-release control. Following the typed statement that read "After prison release, I will have a mandatory three (3) years of **post-release control**" [bold sic] was a handwritten interlineation adding "if the court determines that Count I in the information is an offense of violence because I committed this offense purposely or knowingly, and involved physical harm to persons or a risk of serious physical harm to persons." At the information hearing, the court informed Mr. Carter that if the conduct involved in this case was an offense of violence, then post-release control would be mandatory. The court explained an offense of violence depends on whether conduct was committed knowingly or purposely (or in this case "willfully") and if it involved physical harm to persons or a risk of serious physical harm to persons.

{¶9} To understand whether Mr. Carter's willful conduct caused physical harm to persons or a risk of serious physical harm, the prosecutor reviewed what he believed the evidence would show if a trial were held. Mr. Carter corrected the prosecutor as to a portion of the officer's version that reported he had turned into a park when the officer initially signaled him to pull over. Instead, Mr. Carter claimed he pulled into a dead-end street and stopped against a guardrail. He then told the court the prosecutor's account, aside from that discrepancy, was accurate. The court again asked Mr. Carter if he wanted to plead guilty to R.C. 2921.331(B), a third-degree felony due to the additional substantial

4

risk of serious physical harm to persons or property allegation of R.C. 2921.331(C)(5)(a)(ii), and accepted Mr. Carter's guilty plea after he gave his assent.

{¶10} At the sentencing hearing, the court spoke with Mr. Carter about his substance abuse problem, lack of employment, lengthy criminal history, and other charges that were pending in other counties. The court also reviewed the presentence investigation report, drug and alcohol evaluation, and the state's recommendation.

{¶11} After reviewing the factors of R.C. 2929.12 and R.C. 2929.11, the trial court sentenced Mr. Carter to a term of 18 months in prison, with credit for 101 days already served, and suspended his driver's license for five years.

{¶12} The court found post-release control was mandatory in this case because Mr. Carter's conduct was an offense of violence under R.C. 2901.01(A)(9)(c) and R.C. 2967.28(B)(3) due to the admitted facts of Mr. Carter's guilty plea to R.C. 2921.331(B), as a third-degree felony due to the additional substantial risk of serious physical harm to persons or property allegation of R.C. 2921.331(C)(5)(a)(ii).

{¶13} The court, in relevant part, stated: "So in this case it's necessary to determine whether this offense involved physical harm to persons or a risk of serious physical harm to a person and the *very element of this offense that the Defendant pled guilty to was that his conduct caused substantial risk of serious physical harm to persons and that he did engage in this activity willfully by fleeing a police officer.* Aside from the potential risk to the people in the neighborhood and again this was in a neighborhood area, driving twice the speed limit in that area; his passenger in the car, who was pregnant at the time, certainly that presents a substantial risk of serious physical harm to her and her unborn. And therefore, the Court finds it is an offense of violence, the Defendant is subject to a mandatory period of post-release control." (Emphasis added.)

{¶14} At the end of the hearing, Mr. Carter's attorney renewed his objections to the classification of this offense as an offense of violence and to the imposition of a mandatory period of post-release control.

{¶15} Mr. Carter now appeals, raising two assignments of error:

{¶16} "[1.] The trial court erred to the prejudice of the defendant-appellant when it determined that a three-year term of post-release control was mandatory in this matter and then subsequently ordered the defendant-appellant to serve that three-year term of post-release control upon the expiration of his prison sentence, when such an order was contrary to law.

{¶17} "[2.] The trial court erred when it sentenced the defendant-appellant to serve a mandatory three-year term of post-release control based upon impermissible judicial fact-finding in violation of the defendant-appellant's state and federal constitutional rights to due process, proper notice, and trial by jury."

**Standard of Review**

{¶18} Our consideration of a felony sentence is governed solely by R.C. 2953.08(G)(2). (Citation omitted.) *State v. Mazzola,* 11th Dist. Trumbull No. 2018-T-0029, 2019-Ohio-845, ¶14; *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶12. That provision states:

{¶19} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶20} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not

6

whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶21} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶22} "(b) That the sentence is otherwise contrary to law."

{¶23} Appellate courts "'may vacate or modify any sentence that is not clearly and convincingly contrary to law'" only when the appellate court clearly and convincingly finds that the record does not support the sentence." (Citation omitted.) *State v. Miller*, 11th Dist. Lake No. 2018-L-133, 2019-Ohio-2290, ¶10, quoting *Marcum* at ¶23.

{¶24} The Supreme Court of Ohio has held R.C. 2929.11 and R.C. 2929.12 do not require judicial fact-finding. *Id.* at ¶11, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, ¶42; *State v. Macko*, 11th Dist. Lake No. 2016-L-022, 2017-Ohio-253, ¶75. "Rather, in sentencing a defendant for a felony, a court is merely required to consider the purposes and principles of sentencing in R.C. 2929.11 and the statutory * * * factors in R.C. 2929.12." *Id.*, quoting *Macko* at ¶75, citing *Foster* at ¶42.

**Mandatory Post-release Control**

{¶25} In his first assignment of error, Mr. Carter contends that the trial court's mandatory three-year term of post-release control is contrary to law because the court impermissibly determined he committed an offense of violence pursuant to R.C. 2901.01(A)(9).

{¶26} "R.C. 2967.28(B) states that '[e]ach sentence to a prison term * * * for a felony of the third degree that is an offense of violence and is not a felony sex offense shall include a requirement that the offender be subject to a period of post-release control

7

imposed by the parole board after the offender's release from imprisonment.' The mandatory period of post-release control for this type of offense is three years. R.C. 2967.28(B)(3). For a third-degree felony that is not an offense of violence or sex offense, R.C. 2967.28(C) provides that '[a]ny sentence to a prison term * * * shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board * * * determines that a period of post-release control is necessary for that offender.'" *State v. Moore*, 4th Dist. Adams No. 18CA1070, 2019-Ohio-1467, ¶13, quoting R.C. 2967.28(B) and (C).

{¶27} R.C. 2901.01(A)(9) defines "offense of violence" as including any of the following:

{¶28} "(a) A violation of section 2903.01, 2903.02, 2903.03, 2903.04, 2903.11, 2903.12, 2903.13, 2903.15, 2903.21, 2903.211, 2903.22, 2905.01, 2905.02, 2905.11, 2905.32, 2907.02, 2907.03, 2907.05, 2909.02, 2909.03, 2909.24, 2911.01, 2911.02, 2911.11, 2917.01, 2917.02, 2917.03, 2917.31, 3919.25, 2921.03, 2921.04, 2921.34, or 2923.161, of division (A)(1) of section 2903.34, of division (A)(1), (2), or (3) of section 2911.12, or of division (B)(1), (2), (3), or (4) of section 2919.22 of the Revised Code or felonious sexual penetration in violation of former section 2907.12 of the Revised Code;

{¶29} "(b) A violation of an existing or former municipal ordinance or law of this or any other state or the Unites States, substantially equivalent to any section, division, or offense listed in division (A)(9)(a) of this section;

{¶30} "(c) An offense, other than a traffic offense, under an existing or former municipal ordinance or law of this or any other state or the United States, committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons;

8

**{¶31}** "(d) A conspiracy or attempt to commit, or complicity in committing, any offense under division (A)(9)(a), (b), or (c) of this section."

**{¶32}** Mr. Carter pleaded guilty to one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), which provides that "[n]o person shall operate a motor vehicle so as to willfully elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop," with an additional allegation pursuant to R.C. 2921.331(C)(5)(a)(ii), which provides that "[a] violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt * * * [t]he operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."

**{¶33}** R.C. 2901.01(A)(9)(c), quoted above, provides that even where an offense is not expressly identified as an offense of violence under R.C. 2901.01(A)(9)(a), (b), and (d), it may nevertheless qualify as an "offense of violence" if the defendant knowingly commits an offense "involving physical harm to persons or a risk of serious physical harm to persons."

**{¶34}** Applying R.C. 2901.01(A)(9)(c) to the instant case, a particular crime qualifies as an "offense of violence" if the defendant "pleads guilty to an offense that contains an element of physical harm or a risk of serious physical harm," or "if the defendant admits or stipulates to the relevant facts in an attached furthermore clause." *State v. Gurley*, 8th Dist. Cuyahoga No. 104981, 2018-Ohio-381, ¶11, quoting *State v. Cargill*, 8th Dist. Cuyahoga No. 98705, 2013-Ohio-2689, ¶20. *See also State v. Freeman*, 8th Dist. Cuyahoga No. 103677, 2016-Ohio-3178.

9

**{¶35}** Mr. Carter pleaded guilty to R.C. 2921.311(B), which was enhanced to a felony of the third degree because it contained the additional allegation of a "substantial risk of physical harm" pursuant to R.C. 2921.311(C)(5)(a)(ii). In other words, Mr. Carter pleaded guilty to willfully eluding or fleeing a police officer, which caused a substantial risk of serious physical harm to persons or property. At the plea hearing, Mr. Carter stipulated to the facts as presented by the state, which included that he was driving at excessive speeds in a residential neighborhood where children were playing and that he had a pregnant female passenger in his vehicle at the time. After Mr. Carter agreed that the state's facts were accurate, the court again asked Mr. Carter if he wanted to plead guilty to R.C. 2921.311(B) as a third-degree felony, and then accepted Mr. Carter's guilty plea upon his assent.

**{¶36}** Thus, there is no question from a review of the admitted facts of Mr. Carter's plea that he caused a "substantial risk of serious physical harm to persons or property." *See State v. Hendershot*, 5th Dist. Muskingum No. CT 2016-0061, 2017-Ohio-8112, ¶42-43 (trial court erred in sentencing appellant to discretionary post-release control after the appellant specifically agreed to go forward with his plea with the knowledge that post-release control was mandatory for three years due to his plea of guilty to a R.C. 2921.331(B) & [(C)](5)(a)(ii) violation ("substantial risk of serious physical harm to persons or property"), an offense of violence pursuant to R.C. 2901.01(A)(9)(c); *see also* R.C. 2967.28(B)); *State v. Taylor,* 12th Dist. Warren No. CA2011-08-054, 2011-Ohio-6797, ¶9 ("by pleading guilty to failure to comply, appellant was admitting that his operation of the vehicle 'caused a substantial risk of serious harm to persons or property.' Accordingly, the imposition of mandatory postrelease control for three years pursuant to R.C. 2967.28(B)(3) was proper").

**{¶37}** Mr. Carter argues there is no mental state proscribed to the enhancement to R.C. 2921.331(C)(5)(a)(ii), "substantial risk of physical harm," and that it is impermissible for the court to assign the mental state of willfully, which is contained only in R.C. 2921.331(B) to the "furthermore" clause of R.C. 2921.33(C)(5)(a)(ii). Mr. Carter cites to *State v. Fairbanks*, 117 Ohio St.3d 543, 2008-Ohio-1470, in support of his argument.

**{¶38}** In *Fairbanks*, the Supreme Court of Ohio was confronted with the issue of whether reckless operation of a vehicle was a lesser included offense of failure to comply with the penalty enhancement of causing a substantial risk of serious physical harm. *Id.* at ¶5. The court determined reckless operation of a vehicle is not a lesser included offense simply because there was an addition of a felony specification to a charge of failure to comply, since the two statutes do not have identical statutory elements. *Id.* at ¶7. Failure to comply does not require proof of a willful or wanton disregard of the safety of persons or property while operating a vehicle, "it merely requires proof that a person willfully elude or flee a police officer who has given a signal to stop. R.C. 2921.331(B)." *Id.* at ¶9. The court explained that "R.C. 2921.331(C)(5)(a)(ii) is not an element that has a specified culpable mental state. Instead, the penalty enhancement is contingent upon a factual finding with respect to *the result or consequence* of the defendant's willful conduct. Whether the result or consequence was intended by the defendant is of no import. If the trier of fact finds beyond a reasonable doubt that a substantial risk of serious physical harm to persons or property actually resulted from the defendant's conduct, then the enhancement is established." (Emphasis sic.) *Id.* at ¶11.

**{¶39}** While it is true that "different elements of the same offense can require different mental states," the holding in *Fairbanks* does not support Mr. Carter's argument

11

that a mens rea is needed for the enhancement of R.C. 2921.331(C)(5)(a)(ii) before R.C. 2321.331(B) can be an offense of violence. *Id.* at ¶14, citing *State v. Jordan*, 89 Ohio St.3d 488, 493 (2000).

{¶40} Two requirements are needed for an offense to be an offense of violence pursuant to R.C. 2901.01(9)(c). The offense must be (1) committed purposely or knowingly, and (2) involve physical harm to persons or a risk of serious physical harm to persons. In the instant case, by the terms of his plea agreement, Mr. Carter pleaded guilty to (1) willfully[1] failing to comply with a police officer which involved (2) a substantial risk of serious physical harm to persons or property.

{¶41} Mr. Carter admitted to facts of "physical harm to persons or a risk of serious physical harm to persons" and pleaded guilty to a third-degree felony in violation of R.C. 2921.331(B), which was enhanced by the additional allegations pursuant to R.C. 2921.331(C)(5)(a)(ii). "[I]f the defendant pleads guilty to an offense that contains an element of physical harm or a risk of serious physical harm, then the crime is an offense of violence. However, if the offense does not include such elements, the crime may still qualify as an offense of violence if the defendant admits or stipulates to the relevant facts in an attached furthermore clause." *Cargill* at ¶20.

{¶42} The same rationale has been applied in other specification cases. In *State v. Gurley*, *supra*, the appellant pleaded guilty to discharging a firearm on or near a prohibited premises in violation of R.C. 2923.162(A)(3). *Id.* at ¶12. As in this case, the indictment identified the offense as a third-degree felony as opposed to a misdemeanor

---

1. "Willfully," is now defined as "purposely." *See Fairbanks* at ¶25-27 (Lanzinger, J. dissenting), quoting the 1974 Legislative Service Commission comment to 1972 Am.Sub.H.B. No. 511 ("Purpose is defined in terms of a specific intention either to cause a certain result, or to engage in conduct of a certain nature regardless of what the offender intends to accomplish through that conduct. 'Purposely' in the new code equates with 'purposely,' 'intentionally,' 'willfully,' or 'deliberately' in the former law").

12

because it alleged that "the violation created a substantial risk of physical harm to any person." *Id.* The Eighth District Court of Appeals affirmed the trial court's judgment, determining that because the appellant "pleaded guilty to an offense that alleged a substantial risk of physical harm, the offense qualifies as an 'offense of violence' under R.C. 2901.01(A)(9)(c) and the test outlined in *Cargill*." *Id. See also Freeman* at ¶21 (where the Eighth District Court of Appeals reversed the trial court's judgment, finding the record did not support a finding that the appellant caused a victim harm during the commission of her burglary/trespass in habitation offense. Without those factual findings, the maximum sentence the trial could have imposed solely on the basis of the facts admitted by the appellant was community control sanctions).

{¶43} Mr. Carter's first assignment of error is without merit.

**Admitted Facts in a Plea is not Judicial Fact-Finding**

{¶44} In his second assignment of error, Mr. Carter argues the trial court's imposition of a mandatory three-year term of post-release control is contrary to law because the court engaged in fact-finding during sentencing as to whether Mr. Carter committed an offense of violence in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).

{¶45} Pursuant to *Apprendi and Blakely,* "whether a crime could be considered an offense of violence under the facts of the case, 'is not a factual finding that a trial court is free to make at sentencing.'" *Freeman* at ¶15, citing *Cargill* at ¶21. "This is because, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Id.*, quoting *Cargill* at ¶21, citing *Apprendi*; *Blakely*. "'The 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely

on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.* quoting *Blakely* at 303.

{¶46}   After a thorough review of the plea and sentencing hearings, it is clear the trial court did not engage in judicial fact-finding in its determination that Mr. Carter committed an offense of violence because Mr. Carter pleaded guilty to a third-degree felony in violation of R.C. 2921.331(B) with a "furthermore" clause pursuant to R.C. 2921.331(C)(5)(a)(ii) that "the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."

{¶47}   Further, Mr. Carter stipulated to admitted facts that his conduct caused a substantial risk of serious physical harm.   As *Blakely* explained, "[w]hen a defendant pleads guilty, the state is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to the judicial fact finding." *Cargill* at ¶24, quoting *Blakely* at 310.   Mr. Carter acquiesced to the trial court making a finding of law by his handwritten interlineation, "After prison release, I will have a mandatory three (3) years of post-release control, *if the court determines that Count I in the information is an offense of violence because I committed this offense purposely or knowingly and involved physical harm to persons or a risk of serious physical harm to persons.*"   (Emphasis added.)   There can be no doubt that Mr. Carter was admitting to the fact that he purposely engaged in conduct that involved a risk of serious physical harm to persons when his written plea agreement used the pronoun, "I," before the word "committed."   What remained for the trial court to determine was whether this admission qualified this eluding offense as an offense of violence, as a matter of law.

{¶48}   Mr. Carter cannot now complain it is error to sentence him for a specification he affirmatively consented to when he pleaded guilty.   "'The doctrine of invited error holds

14

that a litigant may not "take advantage of an error which he himself invited or induced.' * * * In fact, the Supreme Court of Ohio has held that invited error exists when a party has affirmatively consented to a procedure the trial judge proposed."  (Citations omitted.) *State v. Hope*, 11th Dist. Trumbull No. 2018-T-0053, 2019-Ohio-2174, ¶147.

{¶49}  Mr. Carter's second assignment of error is without merit.

{¶50}  The judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.