[Cite as *State v. Dabney*, 2023-Ohio-28.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                           Court of Appeals No.  WD-22-019

    Appellee                                      Trial Court No.  2021CR0443

v.

Shantyanna Dabney                              **DECISION AND JUDGMENT**

    Appellant                                     Decided:  January 6, 2023

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a March 2, 2022 judgment of the Wood County Court

of Common Pleas, sentencing appellant to a 30-month term of incarceration, with the

possibility of early release after six months, following appellant's plea to one count of

failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B), as enhanced to a felony of the third degree pursuant to R.C. 2921.331(C)(5)(a)(ii), based upon the trial court's finding that that the offense "caused a substantial risk of serious physical harm to persons or property".

{¶ 2} Appellant, Shantyanna Dabney, sets forth the following sole assignment of error:

"Appellant's sentence is contrary to law."

{¶ 3} We note at the outset that this appeal is procedural in nature. It is not alleged, nor does the record reflect, that the underlying sentence was unlawful on any substantive basis. Rather, appellant asserts that the sentence should be construed as unlawful based upon the procedural claim that a voluntary plea entered to an enhanced, felony-level failure to comply offense of R.C. 2921.331(B) and (C)(5)(a)(ii), by definition, cannot demonstrate "proof beyond a reasonable doubt" of the "creating a substantial risk of serious physical harm to persons or property" enhancement element in the absence of a trial.

{¶ 4} Appellant argues on appeal that, "Since Dabney had no trial, as she entered a guilty plea, she could be found guilty of only a misdemeanor of the first degree."

{¶ 5} The following undisputed facts are relevant to this appeal. On the afternoon of August 25, 2021, a trooper on patrol with the Ohio State Highway Patrol observed a

2.

vehicle traveling southbound on I-75 in Wood County at a rate of speed of approximately 84 m.p.h. in a 70 m.p.h. zone. Appellant was a passenger in the vehicle.

{¶ 6} The trooper initiated a traffic stop due to the speeding infraction. During the course of the traffic stop, the driver of the vehicle was placed in the back of the trooper's vehicle following the discovery of bags of marijuana in the vehicle's glove compartment. The trooper requested additional officers be dispatched to the scene to assist in the investigation.

{¶ 7} Following the arrival of the additional officers at the scene, the trooper requested that they carefully observe appellant, the passenger who had remained inside the stopped vehicle, as the trooper had observed appellant erratically moving about inside the vehicle.

{¶ 8} Shortly thereafter, appellant jumped into the driver's seat of the vehicle and sped away from the scene fleeing at a high rate of speed. This culminated in a 16-mile, high speed chase which covered broad territory, encompassing freeways, state routes, and local roads. The officers subsequently discovered that appellant was on felony parole in the state of Michigan and had unlawfully left Michigan in violation of the terms of her parole.

{¶ 9} During the course of the pursuit, appellant drove at speeds exceeding 100 m.p.h., ran through multiple stop signs and traffic lights, and nearly struck multiple

vehicles travelling on the affected roadways, which included State Rt. 25, Sand Ridge Rd., State Rt. 6, and I-75.

{¶ 10} Stop sticks were deployed by law enforcement and blew out one of the front tires on the vehicle. Appellant persisted in fleeing, now driving with a blown out tire. Upon re-entering I-75, traveling at approximately 100 m.p.h. with a flattened front tire, appellant lost control of the vehicle and crashed into a guardrail. Upon crashing, appellant jumped from the vehicle and fled into a nearby ditch on foot. One of the pursuing troopers commenced a foot pursuit and captured appellant shortly thereafter.

{¶ 11} On October 7, 2021, appellant was indicted on one count of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B), as enhanced to a felony of the third degree pursuant to R.C. 2921.331(C)(5)(a)(ii) based upon appellant's conduct "creating a substantial risk of serious physical harm to persons or property", the statutory enhancement language which elevates the offense from a misdemeanor of the first degree to a felony of the third degree. On October 13, 2021, appellant was arraigned and counsel was appointed.

{¶ 12} On January 18, 2022, by and through appointed counsel, appellant voluntarily entered a guilty plea to the offense and executed the corresponding written plea documentation memorializing the agreement.

{¶ 13} The transcripts of proceedings reflect that during the change of plea colloquy, the trial court conveyed to appellant, "*In a moment I will have the State of Ohio*

4.

*present the facts that underlie the offense for which you are pleading guilty. By pleading guilty you are saying those are the true facts. Do you understand?*" Appellant replied, "*Yes*." (Emphasis added).

{¶ 14} In conjunction, the trial court thoroughly inquired of appellant during the change of pea colloquy, repeatedly verifying her understanding of the ramifications of the plea and the corresponding plea documents, while she executed same, to which appellant consistently and unambiguously affirmed her understanding.

{¶ 15} At this juncture, the trial court instructed appellee to recite the statement of facts comprising appellant's offense, regarding which appellant had just acknowledged would reflect her admission to the truth of those facts.

{¶ 16} Appellee conveyed, "On August 25, 2021, at approximately 3:30 p.m., the Highway Patrol pulled over a vehicle on I-75 southbound * * * going 84 miles an hour in a 70 mile an hour zone * * * [the dash cam] video shows appellant sitting in the passenger seat. She gets somewhat agitated. Eventually she moves into the driver's seat and she takes off."

Appellee next elaborated,

Officers tried to get her to stop * * * she continued heading down I-75 at a high rate of speed * * * they were able to actually drop stop sticks and actually deflated one of the tires of the vehicle. She continued and then got back on the interstate southbound *going at an extremely high rate of*

5.

*speed, sometimes in excess of 100 mph, weaving in and out of traffic, and*

*thus creating a substantial risk of serious physical harm not only to*

*persons including herself but the property of the other drivers on the road.*

*She eventually then got off at State Route 25. She then ran the stop sign*

*and got onto the entrance ramp going southbound * * * [S]he lost control*

*of the vehicle and crashed into the guardrail.* She exited the vehicle,

jumped the guardrail, attempted to flee, but was caught after a foot chase.

(Emphasis added).

{¶ 17} Following appellee's recitation of the facts underlying appellant's offense onto the record during the change of plea hearing, both substantively reflecting and specifically stating the actions "caused a substantial risk of serious physical harm to persons or property", the trial court inquired of appellant, "*Ms. Dabney, are those the facts you are entering a plea of guilty to?*" Appellant replied, "*Yes.*" (Emphasis added).

{¶ 18} A presentence investigation was ordered and the matter was scheduled for sentencing. On March 1, 2022, the sentencing hearing was conducted. At sentencing, it was noted that appellant possesses an extensive criminal history, including six prior felony convictions. In addition, it was noted that appellant was on felony parole in the state of Michigan, and she was aware and concerned about being unlawfully outside of the state of Michigan at the time of these events.

Appellee conveyed to the trial court at sentencing,

6.

I believe that her driving and the length of the chase that occurred does qualify and it created a substantial risk of serious physical harm either to persons or property * * * they deployed stop sticks * * * they disabled one of the tires on the vehicle * * * she got back on I-75 and drove recklessly and almost caused accidents that could have caused serious physical harm to persons or property * * * she then got off at the Cygnet Road exit and she then ran because she couldn't control the car anymore. She ran into a railing, disabling the vehicle. That didn't stop her either. She was going to continue to run and she fled on foot. She was captured after a foot pursuit * * * she was trying to flee so she wouldn't get in trouble.

{¶ 19} Following appellee's recitation of the facts onto the record again during the sentencing hearing, the trial court conveyed,

There are some findings I need to make pursuant to R.C. 2921.331(B) and (C)(5)(a)(ii) of the statute. In particular the duration of the pursuit in this matter. These are considerations the court needs to make in determining sentencing. It was about 17 minutes. The distance was about 16 miles. The rate of speed of which the motor vehicle was operated exceeded 100 m.p.h. There was a failure to stop for traffic lights and stop signs * * * moving violations. Yes. There were several of them * * * Almost crashed

7.

into several vehicles as you turned from I-75 to Route 6.  In addition, traveling over 100 m.p.h. without a front tire at the time.

{¶ 20} Appellant was then sentenced to a 30-month term of incarceration, with the possibility of early release after six months.  This appeal ensued.

{¶ 21} In the sole assignment of error, appellant argues that the trial court sentence was contrary to law.

{¶ 22} Specifically, appellant argues, "[A] violation of R.C. 2921.331(B) is a misdemeanor of the first degree unless certain statutory criteria are proven beyond a reasonable doubt * * *.  Since [appellant] had no trial, as she entered a guilty plea, she could be found guilty of only a misdemeanor of the first degree by operation of the plain wording of the statute."  We do not concur.

{¶ 23} As held by this court in *State v. Johnson*, 6th Dist. Sandusky No. S-20-037, 2021-Ohio-3380, ¶ 39, "R.C. 2953.08(G)(2) governs appellate felony sentence review * * * [It] establishes that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either that the record does not support the sentencing court's [relevant statutory] findings [or] that the sentence is otherwise contrary to law."

{¶ 24} As applied to this case, the sole basis of appellant's appeal alleging that the sentence was unlawful is that appellant voluntarily entered a plea, negating the need for a trial, and, therefore, according to appellant's rationale, it was not possible to establish

8.

beyond a reasonable doubt that appellant's conduct "caused a substantial risk of serious physical harm to persons or property," so as to properly enhance the offense from a misdemeanor of the first degree to a felony of the third degree. We are not persuaded.

{¶ 25} It is well-settled law that a guilty plea acts as a complete admission of factual guilt. *State v. Brimacomble*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 16 (6th Dist.), citing Crim.R. 11.1(B)(1); *State v. Barnett*, 73 Ohio App.3d 244, 248, 596 N.E.2d 1101 (2d Dist., 1991). "As a complete admission of guilt, it embraced not only the discreet acts alleged, but the totality of the substantive conduct involved in committing the crime." *Id*. Therefore, the guilty plea subsumes any right related to the state's ability to prove factual guilt. *State v. Luna*, 6th Dist. Huron No. H-18-017, 2020-Ohio-3211, ¶ 7, citing *State v. Morgan*, 181 Ohio App.3d 747, 2009-Ohio-1370, 910 N.E.2d 1075, ¶ 23 (1st. Dist.).

{¶ 26} As held in *State v. Scott*, 8th Dist. Cuyahoga No. 106090, 2018-Ohio-1849, ¶ 10-11, in rejecting an analogous argument upon appeal, the court held,

> [W]hile R.C. 2921.331(C)(5)(a) generally requires the trier of fact to make specific findings, *a defendant's guilty plea to the charges demonstrates an admission sufficient to satisfy the requirements of R.C. 2921.331(C)(5)(a) * * * Guilty pleas constitute a complete admission of factual and substantive guilt. Here, through his guilty plea, [appellant] admitted the findings required by R.C. 2921.331(C)(5)(a) * * * including a statement that 'the*

9.

*operation of the motor vehicle by [appellant] caused a substantial risk of*

*serious physical harm to persons or property*.' (Emphasis added).

{¶ 27} Consistently, as held in *State v. Carter*, 11th Dist. Lake No. 2019-L-017, 2019-Ohio-3443, ¶ 48, in rejecting an analogous argument upon appeal, "[Appellant] cannot now complain it is error to sentence him for a specification [that] he affirmatively consented to when he pleaded guilty."

{¶ 28} As applied to the instant case, the record reflects that appellant likewise entered a plea and an admission, as reflected in the above-quoted portions of the transcripts, to the subject offense and to facts "causing a substantial risk of serious physical harm to persons or property", including factual statements of the conduct containing the precise specification language.

{¶ 29} The record reflects, as quoted-above, that the trial court made a separate, uncontested R.C. 2921.331(C)(5)(a)(ii) finding that appellant's actions "caused a substantial risk of serious physical harm to persons or property." We have previously found sufficient facts in similar circumstances. *See*, *e.g.*, *State v. Owens*, 6th Dist. Lucas No. L-21-1148, 2022-Ohio-2908, ¶ 30 (conduct created substantial risk of physical harm to persons or property where defendant drives at a high rate of speed through neighborhoods, running stop signs to elude police pursuit).

**{¶ 30}** We find that the record clearly reflects that the statutory enhancement requirement set forth in R.C. 2921.331(C)(5)(a)(ii) was shown beyond a reasonable doubt in this case regardless of the resolution of the case through a voluntary plea agreement.

**{¶ 31}** Based upon the foregoing, we find that appellant's assignment of error is without merit.  Wherefore, the judgment of the Wood County Court of Common Pleas is hereby affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                            _____
                                                                JUDGE

Gene A. Zmuda, J.

                                                                _____
Myron C. Duhart, P.J.                                    JUDGE
CONCUR.

                                                                _____
                                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.