[Cite as *State v. Meyers*, 2024-Ohio-4533.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


STATE OF OHIO,                                  :

    Appellee,                              :          CASE NO. CA2023-12-112

    - vs -                                      :          O P I N I O N
                                                              9/16/2024
                                                :

ALLEN ROBERT MEYERS,                :

    Appellant.                            :


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 20CR36941


David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

James F. Maus, for appellant.


**HENDRICKSON, J.**

{¶ 1} Appellant, Allen Robert Meyers, appeals from a sentence imposed by the Warren County Court of Common Pleas. For the reasons discussed below, we affirm.

### I. Factual and Procedural Background

{¶ 2} On July 27, 2020, the Warren County Grand Jury returned an indictment against Meyers charging him with failure to comply with an order or signal of a police

officer, a felony of the third degree; operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them, a misdemeanor of the first degree; OVI (refusal with a prior OVI conviction), a misdemeanor of the first degree; and failure to stop after an accident, a misdemeanor of the first degree. From October 2020 to May 24, 2023, Meyers was at large in the community, could not be located, and was unavailable for trial.

{¶ 3} On November 1, 2023, Meyers entered into a plea agreement in which he would plead guilty to failure to comply, OVI (refusal with prior OVI conviction), and failure to stop. In exchange, the state would dismiss the remaining OVI charge. Because the failure to comply charge was a third-degree felony offense of violence, the change of plea form advised Meyers that he was subject to mandatory postrelease control after his release from prison for up to three years. However, at the plea hearing, Meyers' counsel objected to the imposition of mandatory postrelease control, arguing that failure to comply is not an offense of violence. In discussing postrelease control with Meyers, the trial court advised him that mandatory postrelease control was applicable. Meyers then entered his pleas of guilty.

{¶ 4} On December 13, 2023, a sentencing hearing was held. The prosecutor gave a summary of the facts for the court's consideration:

> This is a failure to comply from 2020 that occurred in the early morning hours in South Lebanon. It ended—he was OVI. He struck a parked car. Then there was a pursuit kind of in a circle around the streets of South Lebanon . . . he failed to stop at multiple different stop signs. Traveled up the center. Drove the wrong way down a one way before ultimately kind of pulling into a private driveway. Did not put the car in . . . park as he got out of the vehicle and troopers had to jump in and stop the vehicle before it ran into a structure.

The trial court then sentenced Meyers to one year of incarceration to be followed by mandatory postrelease control of up to three years, but not less than one year.

{¶ 5} Meyers now appeals, raising one assignment of error for our review.

## II. Legal Analysis

{¶ 6} Assignment of Error:

THE TRIAL COURT ERRED BY SENTENCING APPELLANT-DEFENDANT TO A TERM OF MANDATORY POST-RELEASE CONTROL IN THE ABSENCE OF A FELONY CONVICTION FOR AN "OFFENSE OF VIOLENCE."

{¶ 7} In his sole assignment of error, Meyers asserts that failure to comply is not an offense of violence, and therefore the court erred in imposing a mandatory term of postrelease control. In support, Meyers argues that failure to comply is not specifically listed as an offense of violence under R.C. 2901.01(A)(9)(a), and the elements of failure to comply under R.C. 2921.331(C)(5)(a)(ii) are broader than the 2901.01(A)(9)(c) definition of an offense of violence.

{¶ 8} The crux of Meyers' argument is that his plea of guilty to R.C. 2921.331(C)(5)(a)(ii) does not clarify if his conduct created a risk of serious physical harm to property only, persons only, or both—therefore it does not qualify as an offense of violence which requires a risk of serious physical harm to *persons* specifically. We disagree.

{¶ 9} R.C. 2967.28(B) states that "[e]ach sentence to a prison term . . . for a felony of the third degree that is an offense of violence and is not a felony sex offense shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment." R.C. 2967.28(B)(4) specifies the required period of postrelease control is up to three years, but not less than one year.

{¶ 10} R.C. 2901.01(A)(9) defines an "offense of violence." R.C. 2901.01(A)(9)(a) provides an enumerated list of offenses that qualify as offenses of violence. Failure to comply is not specifically enumerated, however R.C. 2901.01(A)(9)(c) provides that "An

offense, other than a traffic offense, under an existing or former municipal ordinance or law of this or any other state or the United States, committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons" is an offense of violence.

{¶ 11} The offense of failure to comply is described in R.C. 2921.331(B) as follows: "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop."  Meyers was specifically indicted under R.C. 2921.331(C)(5)(a), which provides that "[a] violation of (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt . . . (ii) [t]he operation of the motor vehicle by the offender caused a *substantial risk of serious physical harm to persons or property*." (Emphasis added.)

{¶ 12} We do not agree with Meyer's contention that his guilty plea to failure to comply did not include the "physical harm to a person" requirement necessary to impose mandatory postrelease control.  A guilty plea acts as a complete admission of factual guilt and embraces "'not only the discreet acts alleged, but the totality of the substantive conduct involved in committing the crime.'  Therefore, the guilty plea subsumes any right related to the state's ability to prove factual guilt."  (Citation omitted.) *State v. Dabney*, 2023-Ohio-28, ¶ 25 (6th Dist.), quoting *State v. Brimacombe*, 2011-Ohio-5032, ¶ 16 (6th Dist.).  "A [guilty] plea 'provides the necessary proof of the elements of the crime and sufficient evidence to support the conviction.'"  *State v. Taylor*, 2011-Ohio-6797, ¶ 9 (12th Dist.), quoting *State v. Isbell*, 2004-Ohio-2300, ¶16 (12th Dist.).  By pleading guilty, "the accused acknowledges full responsibility for all legal consequences of guilt and consents to whatever judgment and sentence the court may legally impose." *State v. Fore*, 18 Ohio App.2d 264, 267 (1969).  Thus, by pleading guilty to failure to comply, appellant was

admitting that his operation of the vehicle "caused a substantial risk of serious physical harm to persons or property." *Taylor* at ¶ 9. The totality of the substantive conduct in R.C. 2921.331(C)(5)(a)(ii) involves a "risk of serious physical harm to persons" and thus qualifies as an offense of violence pursuant to R.C. 2901.01(A)(9)(c). Therefore, the imposition of mandatory postrelease control for up to three years, but not less than one year, pursuant to R.C. 2967.28(B)(4), was proper. *Id.*

{¶ 13} Further, although Meyers' plea rendered a review of the facts unnecessary, his conduct clearly satisfied the R.C. 2967.28 "risk of serious physical harm to persons" requirement. Meyers led police on a vehicle chase around the streets of South Lebanon, struck a parked car, failed to stop at multiple stop signs, drove up the center line of the road, and drove the wrong way on a one-way street. When Meyers abandoned his vehicle, police had to jump in to stop the vehicle from colliding with a structure.

### III. Conclusion

{¶ 14} For the reasons outlined above Meyers' sole assignment of error is overruled.

{¶ 15} Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.